UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America,
     Plaintiff

     v.                                  Civil No. 09-cv-185-SM
                                         Opinion No. 2009 DNH 189
Patricia M. Emanuel a/k/a
Patricia Defoe,
     Defendant


**O R D E R**

The government brings this action against the defendant, Patricia Emanuel, for default on student loans guaranteed under Title IV-B, 20 U.S.C. § 1071 et seq., and Title IV-D, 20 U.S.C. § 1087aa et seq., of the Higher Education Act of 1965. In its complaint, the United States alleges that Emanuel executed and delivered three promissory notes with respect to guaranteed student loans, and later defaulted on her obligation to pay those notes. In her answer, Emanuel admits all pertinent factual allegations in the complaint. The Unites States now moves for judgment on the pleadings. Emanuel has not filed an objection or response to the motion. For the reasons set forth below, the motion is granted.


**I.   BACKGROUND**

In Count I, the United States alleges that on August 9, 1983, and August 10, 1984, Emanuel executed and delivered two

promissory notes payable to Country Bank for Savings ("Country Bank"), Palmer, Massachusetts, in the total principal amount of $4,972.00, bearing an interest rate of 9.00% per annum, and repayable in monthly installments.  The notes secured repayment of student loans authorized by the Federal Family Education Loan Program (20 U.S.C. § 1071 et seq.); the United States guaranteed repayment of the notes to Country Bank.  On November 28, 1985, Emanuel defaulted on her obligation to pay.  Following Emanuel's default, Country Bank required the United States to pay the loans in accordance with its guarantee and assigned the notes to the United States on February 25, 1993.

In Count II, the United States alleges that On September 19, 1983, Emanuel executed and delivered a promissory note payable to Greenfield Community College ("GCC"), Greenfield, Massachusetts, in the total principal amount of $600.00, bearing an interest rate of 5.00% per annum and repayable in monthly installments. The note secured a Federal Perkins Loan (20 U.S.C. § 1087aa et seq.); the United States guaranteed repayment of the note to GCC. On July 30, 1985, Emanuel defaulted on her obligation to pay. Following Emanuel's default, GCC required the United States to pay the note in accordance with its guarantee and assigned the note to the United States on June 19, 1989.

The United States requests that this court enter judgment on Count I in the amount of $15,782.24, plus interest, and on Count II in the amount of $1,256.75, plus interest.

## II.  LEGAL STANDARD

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss."  Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citation omitted).  "[T]o survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true'."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In deciding a motion for judgment on the pleadings, "the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom to the nonmovant's behoof."  R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006) (citations omitted).  "The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein . . . ."  Id. (citations omitted).

**III. DISCUSSION**

"The [United States] can establish a prima facie case that it is entitled to collect on a promissory note if it introduces the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst." Guillermety v. Sec'y of Educ., 341 F. Supp. 2d. 682, 688 (E.D. Mich. 2003) (citations omitted).  In this case, the United States has included with its complaint a copy of the three promissory notes executed by Emanuel to secure the student loans, and two certificates of indebtedness signed under penalty of perjury by a loan analyst (See document no. 1, Exs. A–D.)  Emanuel admits in her answer that the promissory notes included with the complaint are notes that she executed to secure educational loans and admits that she defaulted on her obligation to pay the notes. Therefore, the pleadings "conclusively establish" that the United States is entitled to collect from Emanuel on the three promissory notes.  See R.G. Fin. Corp., 446 F.3d at 181.

Emanuel asserts as a defense that she suffers from a number of psychological disorders which prevented her from engaging in gainful employment for the past twenty years, and, thus, paying the notes.  Emanuel claims that she plans to seek an administrative discharge of her obligations on grounds of "total and permanent disability," pursuant to relevant regulations.  See

4

34 C.F.R. § 682.402(c)(1) ("A borrower's loan is discharged if the borrower becomes totally and permanently disabled . . . and satisfies the additional eligibility requirements contained in this section."). Emanuel's defense, however, is not cognizable in this suit, as "[c]laims for relief under [the Higher Education Act] must be presented through the administrative process and cannot be asserted as defensive claims in civil collection litigation." Green v. United States, 163 F. Supp. 2d 593, 598 (W.D.N.C. 2000) (citation omitted).

Emanuel asks this court to hold this matter in abeyance until she can exhaust the available administrative discharge procedures.[1] Holding this matter in abeyance is not necessary. As the court stated in Green, the administrative discharge provisions "make[] no distinction between loans that are in the process of being collected and those reduced to judgment." Id. at 599. Thus, Emanuel may still pursue an administrative discharge even if this court reduces her obligations to judgment. Id. at 598 (stating that reducing borrower's obligation to judgment would not interfere with his administrative remedy); see also Nash v. Ct. Student Loan Found. (In re Nash), 446 F.3d 188, 194 (1st Cir. 2006) (refusing to discharge student loan debt due

---

[1] Although Emanuel claims that she planned to met with her psychiatrist in July of 2009 to begin preparing her discharge application, nothing in the record indicates she has done so.

to debtor's bipolar disorder but advising debtor of her right to pursue an administrative discharge due to disability). Moreover, as the United States points out, reducing Emanuel's debt to judgment "may work in [her] favor," as her loans are accruing interest at a rate of 9% and 5%, respectively, while the current judgment rate is less than 1%. See Green, 163 F. Supp. 2d at 599.

Accordingly, the motion for judgment on the pleadings (document no. 7) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

December 10, 2009

cc: Michael T. McCormack, Esq.
    Eugene F. Sullivan, III, Esq.